## No. 10,813.

THE STATE EX REL. A. BRITTIN ET AL. VS. THE CITY OF NEW ORLEANS.

1. The power of courts in Louisiana to appoint receivers is exceptional and limited.
2. Courts have no power to appoint a receiver *ex parte* without notice to or hearing of the parties in interest.
3. The receivership in this case is an incident of a suit to which the City of New Orleans is a party; and she is entitled to notice of all proceedings taken in such suit affecting her interest.
4. The receivership was only established by the consent and on the joint application of the city, and was limited to a special matter defined in the order; it can not be enlarged and extended to embrace other enormously increased powers without notice to the city.
5. The city has an obvious interest in the question whether or not a receiver should be vested with the additional powers demanded, and should have been. notified and heard, before order granting them was made.
6. This is not a proceeding to remove a receiver validly appointed; it is a motion to vacate orders improvidently and illegally granted without compliance with requirements of law; and the power of courts to vacate such orders is well established.

APPEAL from the Civil District Court for the Parish of Orleans. *Voorhies, J.*

*Chas. Louque* for Jos. P. Hornor, Receiver, Appellant.

*Carleton Hunt* and *Henry C. Miller* for Defendant and Appellee.

The opinion of the court was delivered by

FENNER, J. The principal suit, in which all the matters here concerned arise, is indicated by the above title. It was a mandamus proceeding taken by certain creditors of the late Metropolitan Police Board, to compel the city of New Orleans to pay the sum due them out of a fund of $2600 alleged to have been collected and to be held by the city and legally applicable to payment of debts of the Board.

The plaintiff subsequently filed a supplemental petition, alleging, in substance, that the funds in the hands of the city were the pledge of all the creditors of the said Board, and could not be paid out except by distribution among them. Accordingly, it was prayed that a receiver be appointed "to take and receive the taxes collected for the years 1874, 1875 and 1876, and the taxes hereafter to be collected for the same years which were assessed and levied for the benefit of said Board of Metropolitan Police."

Thereupon, with the consent of the city of New Orleans, the following order was made:

"Considering the allegations and prayer of the foregoing petition, and the informal application made to the court on October 29, 1877, by the city of New Orleans, and J. C. Denis, administrator of finance of said city, for the appointment of a receiver, it is ordered that R. F. Harrison be and is appointed receiver herein, and that he is authorized to demand and receive from J. C. Denis, administrator of finance of the city of New Orleans, or from said city, or any other person, any and all sums which may have been or may be hereafter collected or received for or on account of the Metropolitan Police tax for the years 1874, 1875 and 1876."

This order establishes conclusively two things, viz.:

1. That the appointment was only made with the consent of the city of New Orleans.

2. That the sole purpose and scope of the powers conferred were to demand and receive the sums actually collected by the city on account of the Metropolitan Police tax for the years 1874, 1875 and 1876.

Under this mandate, Harrison, receiver, brought his action against the city and obtained a full accounting for all taxes collected for the years mentioned, resulting in a final judgment rendered by this court for the large sum of $30,944.94. Harrison, Receiver vs. New Orleans, 40 An. 509.

This judgment the city has satisfied, and, as appears, other sums collected by the city on the same account, after trial of above suit, were duly paid over to the receiver. It does not appear that anything more is due by the city on account of such collections. The mandate of the receiver seems to have been completely executed. The receiver, in 1888, filed his account and made a distribution, which was approved by the court. One would suppose that this was a winding up of the receivership. But in 1890 the receiver made an *ex parte* application to the court for an enormous enlargement of his powers, claiming that the City of New Orleans was indebted to the Metropolitan Police Board, not only for the amount of the police tax actually collected, but for the whole amount of said taxes levied, and not only for the years 1874, 1875 and 1876, but for all antecedent years back to and including 1869, and asking authority to bring suit for the same. No notice of this application was given to the city or to any one else.

The order was improvidently granted, and Harrison, under cover of his personal citizenship in the State of Mississippi, actually brought a suit in the United States Circuit Court against the city for nearly $1,000,000.

Harrison having died shortly afterwards, another *ex parte* order was applied for and granted, appointing Jos. P. Hornor, also a citizen of Mississippi, as receiver in place of Harrison.

In this state of case, the City of New Orleans appeared in this suit, and moved that the foregoing *ex parte* orders be vacated and set aside on the grounds:

" 1. That they were made *ex parte* without notice or hearing given to the city entitled to be heard upon any application to appoint a receiver in this case.

"2. That the order was improvidently granted, and no showing whatever was made for the appointment of a receiver.

" 3. That said Hornor is a non-resident citizen of Mississippi, and the court could not, consistently with the spirit and policy of our law, confer such an appointment on a non-resident."

The judge, being the same who had granted the orders, after hearing, rendered judgment, making the rule absolute and vacating the orders. From this judgment the appeal is taken. The judge *a quo* does not, nor shall we, determine the question whether or not the parties are entitled, in proper proceedings, to have a receivership

with the enlarged powers claimed. He says very weightily: "The order enlarging the powers of the receiver in this case was practically a new and distinct appointment; since the subject matter originally in suit had been exhausted, and a different asset was being brought into action. The city may have seen fit not to object to the course pursued when limited to a particular fund within a well defined period of time. But the enlargement, besides reaching her financial operations during other years, involves the general liquidation of the affairs of the Board of Metropolitan Police. The city now claims a hearing in such important matters of public import. The rejoinder is that she is sued as a debtor; hence, that she is not qualified to be heard on this occasion. In the first place, the city is a party defendant in possession of the fund in her official capacity. And then she is no ordinary debtor. She is a trustee charged with public functions with reference to the very matter under consideration. During the prevalence of the statutes creating and regulating the Metropolitan Police Board, she was, to some extent, shorn of her police functions. Since their repeal she has, with the aid of additional legislation, resumed her full police powers. Under C. C., Articles 430, 431, 421, 422, the Metropolitan Police Board, exercising " a part of the powers of government, and none others, was strictly a political corporation, subject at all times to be repealed (C. C. 447). Grave questions may now arise as to the transmission of such powers, suggesting the propriety of a full hearing of all parties concerned."

We might rest our affirmance of the order on these cogent reasons. No principle of law is better settled than that courts have no power to appoint a receiver ex parte without notice or hearing of the party in interest, and unless a basis for the appointment is alleged and proved. High on Receivers, Secs. 17, 111, 115; Frazier vs. Wilson, 4 Rob. 517; Martin vs. Blauchin, 16 An. 237; Mullady vs. Mullady, 26 An. 438.

The power of courts in Louisiana to appoint receivers is exceptional and limited. Baker vs. Portable Company, 34 An. 754.

This receivership is an incident of the suit in which it was originally constituted and to which the city of New Orleans is a party. She is entitled to notice of all proceedings taken in that suit affecting her interest. The receivership was originally established, as appears on the face of the order, only on her consent and joinder

in the application therefor. It can not be extended and enlarged without notice to her.

The exception that the city was bound to proceed by petition has no merit. This is not a proceeding to remove the receiver. It is a motion to vacate orders improvidently and illegally made, without compliance with the requirements of law. The power of courts to vacate such orders, on motion of the party aggrieved, or even of their own motion, is well established.

Judgment affirmed.