## No. 11,327.

### STATE EX REL. ALGIERS BREWING COMPANY VS. FRED. D. KING, JUDGE DIVISION ·B, CIVIL DISTRICT COURT.

The only issue is whether the relator is entitled to a suspensive appeal from an order appointing a receiver.

The court of the first instance having acted upon the resolution of the company consenting to the appointment of a receiver, a suspensive appeal will not lie from the decree of appointment without proof that the resolution was *ultra vires*, or that it was, in other respects, illegal and improper.

The remedy to correct the alleged illegality in the appointment of a receiver is by rule to s et aside and vacate the order of appointment, and, if the rule be denied, to appeal from the decision.

Whether the company consented legally is a question of proof to be considered on the trial of a rule.

A PPLICATION for *Mandamus* and Prohibition.

*Henry P. Dart* and *F. B. Thomas* for the Relator:

1. On this application the only issue is whether the relator is entitled to a suspensive appeal from the *ex parte* order appointing a receiver—the correctness of the judgment will be passed upon when the record is brought up regularly for review. *Ex parte* Emanuel, 4 An. 424; Street's Case, 35 An. 516; Ingram's Case, 20 An. 530; Cain's Case, 20 An. 574; Geddes' Case, 36 An. 302, 210.

2. An affidavit by a third person, showing the nature and extent of his interest and the irreparable injury to be suffered, is according to the received practice; if the interest is controverted below, testimony may be taken on the issue thus raised: if the question is raised here for the first time the case will be remanded to discuss that issue with proper reservation of relator's rights, unless on the face of the record the interest is apparent. Bonnet's Case, 29 An. 397; Succession of Henderson, 2 Rob. 391; Street's Case, 35 An. 516; Ober vs. Excelsior Co., 44 An. 573.

3. A stockholder of the corporation thus placed in charge of a receiver has the right to suspensively appeal from the judgment. Morey's Case, 31 An. 825.

4. Where the sole issue presented by the demand is the appointment of a receiver, a judgment making such appointment is a final judgment, responsive to the allegations and settling all the issues between the parties.

If held to be interlocutory it causes irreparable injury, for having been immediately executed it dispossesses defendant of its property, suspends its cor-

State ex rel. Brewing Co. vs. Judge.

porate functions and immediately fastens upon it the condition of an insolvent concern in process of liquidation; there remans nothing to do toward that end save to close out judicially its assets.  C. P. 566, 580; Carey vs. Richardson, 35 An. 505.

5.  Unless the denial of a suspensive appeal in such case rests upon the exceptions contained in C. P. 580, the appeal must be granted, as the designation of certain judgments has been interpreted as intentional omission of all others. Ingram's Case, 20 An. 529; Cain's Case, 20 An. 576, 577; Geddes' Case, 36 An. 301.

6.  An *ex parte* order appointing a receiver is an absolute nullity, and will be reversed for that cause on appeal.  Ober vs. Excelsior Co., 44 An. 571; State ex rel. Britten, 43 An. 832; Turgeau vs. Brady, 24 An. 348; Martin vs. Blanchin, 16 An. 237; High on Receivers, Secs. 111, 112, 346; State ex rel. Morey, 31 An. 823, 836; Reder vs. Maas, 34 An. 130.

There is no authority requiring the taking of a rule to rescind such judgment, leaving the assets in control of the receiver; "a judgment rendered in his favor after years of litigation restoring to him his property would come too late to afford a remedy.  The injury might be irreparable."  DeBaillon vs. Ponsony, 5 N. S. 42; State ex rel. Taylor, 26 An. 65; Street's Case, 35 An. 516, 517; Analogous cases, 12 An. 455; 35 An. 745; 2 Rob. 342; 23 An. 50-52.

7.  Whether defendant (under the peculiar allegations of plaintiff's petition) con sented is a question of proof to be considered when the record is regularlyhere on appeal.

If considered now the alleged consent must be taken in its entirety—a consent to a judgment in favor of another plaintiff to be rendered and executed in another forum, looking to the appointment of a receiver acceptable to stockholders, mortgage bondholders and creditors, can not be construed into a consent to the proceedings here complained of.

The consent can not be divided.

If taken as a whole, the judgment rendered in this cause is in flat derogation of its terms and contrary to the principles established in similar cases.  In re Savings Bank, 35 An. 200; In re Herdic Coach Company, 35 An. 246.

Where a judgment rendered on the written consent of parties does not conform to that consent, either may appeal to correct the error.  Sprowl vs. Stewart, 19 An. 433; Police Jury vs. McDonogh, 8 An. 342.

8.  The acquiescence by the board of directors of a corporation in a judgment appointing a receiver must be accepted as a whole.  If on conditions which are not permitted by the court it is no acquiescence.  In any event these officers can not consent to the appointment of a receiver; such an act is *ultra vires*. State vs. Atchafalaya Railroad, 5 R. 68; Curein vs. Santini, 16 An. 27; State vs. Bank, 31 An. 831; Morawstz on Corporations, Secs. 512, 513.

The acquiescence must furthermore be absolute  C. P. 567; Jackson vs. Michie, 33 An. 727; Succession of Lamm, 40 An. 312; Meyer vs. Schurbruck, 37 An. 373, Buntin vs. Johnson, 27 An. 625.

Third persons can not be prejudiced by defendant's acquiescence.  State ex rel. etc., 29 An. 146; Lawson vs Bruenn, 29 An. 868.


*Horace E. Upton* and *Lazarus, Moore & Luce contra:*

No appeal lies from the orders of the lower court, on an *ex parte* application of a third person, without proof, contradictorily taken in the lower court, of the interest of said third person and the irreparability of the injury to be sustaine 34 An. 3; 32 An. 1192; 33 An. 108; 24 An. 426; 7 N. S. 345.

The remedy to correct the improvident and irregular appointment of a receiver is by rule to set aside and vacate the order of appointment, and if that rule be denied, to appeal from the decision.  43 An. 123; 43 An. 829; 8 Paige (N. Y.) 481.

Relators having acquiesced in and approved of the appointment of a receiver, are precluded and estopped from appealing therefrom.

An interlocutory order declaring the necessity for the appointment of a receiver, and appointing the same, can not work irreparable injury, inasmuch as it is not a definitive judgment which can acquire the force of *res judicata.* Coats vs. Cunningham, 80 Ill. 467, and authorities; Adams Eq., 6 Am. Ed. 684, 688, 689; 3 Stockton, 126; 6 Howard (U. S.), 204; 4 Scan. 326; 5 Glim. 35; 21 Ill. 207; 13 Ill. 31; 15 Ill 228.

In no event can a suspensive appeal be taken from an order appointing a receiver, same being one of that class of orders which are executed provisionally, notwithstanding an appeal.  C. P. 580, Sec. 2.

------

The opinion of the court was delivered by

BREAUX, J.  The relator is engaged in the business of brewing and selling beer and is the owner of a brewery.

On 28th August, 1893, the Lafayette Bank of Missouri, claiming to be a creditor, instituted suit and applied for the appointment of a receiver.

A receiver was appointed; he qualified and took possession of the property.

The relator moved the court to grant it a suspensive appeal from the judgment appointing a receiver, as well as from all other orders granted under the order of appointment.

The court declined to grant the motion.

The writs applied for from this court are for the purpose of compelling the district judge to grant the order of appeal for which an application was made.

The relator in the petition for writs of *mandamus* and prohibition substantially alleges that it is true that after the appointment of the receiver the board of directors of relator were induced to hold a meeting and were misled into passing a resolution framed as follows:

"NEW ORLEANS, August 31, 1893.

"The board met to-day with the following members present: Dr. E. Y. Ames, J. J. Clarke, William Gaiser, H. V. Boubade, J. M. Lotz and F. A. Godefroy.

"The president called the meeting to order. and stated that the purpose was to explain the situation now existing with reference to the pending suit of the Lafayette Bank of St. Louis against the Algiers Brewing Company, in which application has been made for

the appointment of a receiver, and John H. O'Connor has been appointed a receiver. The necessity for the appointment being recognized and the appointment having met with the approval of the board after discussion, it was moved by Mr. Lotz, seconded by Mr. Godefroy, that Dr. E. Y. Ames be suggested and recommended to the court for and in behalf of this corporation to act as co-receiver in the suit of the Lafayette Bank of St. Louis vs. Algiers Brewing Company, with John H. O'Connor receiver herein, said suit being now pending in the Civil District Court for the parish of Orleans.

"It was further resolved that a copy of this resolution be presented to the Hon. F. D. King, judge of said court, accompanied by a petition containing proper averments asking for the immediate appointment of Dr. Ames as co-receiver in the interest of the stockholders of the company."

The relator alleges that the board subsequently rescinded the foregoing resolution as *ultra vires*, null and void, and instructed their attorney to take immediate steps to revoke the appointment of J. H. O'Connor as receiver and to restore the property of the brewery to its previous condition; that the rescinding resolution was presented to the Civil District Court and permission asked to have it spread upon the records of the court, which permission was refused.

The respondent judge returns that the Algiers Brewing Company having, by resolution, approved the appointment by the court of a receiver, he declined to allow a resolution purporting to rescind the action *ex parte* to be spread on the minutes; the court considering that if there is any error in the order appointing a receiver, that the proper mode of procedure is that pointed out in Whitaker vs. Ashbey, 43 An. 123, and State *ex rel.* Brittin vs. New Orleans, *Id.* 829, to move for the rescinding of the appointment ordering a receiver.

That he was not advised as to the truth or falsity of the allegations of the relator, that the resolution consenting to and approving the appointment of a receiver was the result of surprise, deception and misinformation as alleged; that if they are true and it constitutes in law cause for the annulment of the orders made by him, such orders could have been rescinded, on motion to that effect, after trial contradictorily with all parties in interest; that he suggested and invited from the bench such action, and assured counsel that he would make such rule returnable within the shortest possible delay

He denies that the action of the board of directors in approving and consenting to the appointment of a receiver is *ultra vires*.

That whether *ultra vires* or not depends upon the terms of the charter of the Algiers Brewing Company and the action of the stockholders. That these facts can be determined only by evidence taken contradictorily with all the parties in interest in the court of the first instance.

That if a rule had been taken out as suggested by him, investigation and inquiry could have been had and decision thereon rendered, but relator failed and neglected to adopt such a course, clearly pointed out by law.

The relator on the face of the papers having acquiesced in the appointment and voluntarily ratified the decree of appointment, the Supreme Court will not set aside the order granted and thus ratified without evidence showing the necessity for rescinding the decree appointing the receiver.

The order of the court of the first instance was based upon the consent of the board of directors.

We will not assume, without any evidence before us, that the court erred in thus placing confidence in the first resolution adopted by the Algiers Brewing Company approving the appointment of a receiver.

If, as alleged, there was deception practised which influenced the board, and if the action was *ultra vires*, and if other grounds of nullity pleaded are cause sufficient to set aside the order appointing a receiver, they should be brought up, after hearing, contradictorily with the parties in interest.

The court will not assume that the grave charges made are true and proceed to a hearing upon that hypothesis with the view of rescinding the order of appointment.

The granting of a suspensive appeal upon those grounds would have the effect of temporarily sanctioning the charges, as if proven.

Upon unproven averments the Algiers Brewing Company, would suspend the execution of an order to which it consented.

Such would be the effect of a suspensive appeal. Parties can not sustain contradictory positions.

It would be encouraging proceedings to no purpose to grant a suspensive appeal.

Therefore we will not grant the writs applied for by the relator, and we relegate them to the District Court of original jurisdiction or any remedy to which it may be entitled.

Whether the company consented legally is a question of proof, which must come to this court, as proof in other cases is brought up, on an appeal.

It is ordered, adjudged and decreed that the restraining order be rescinded and relator's demand rejected.

## DISSENTING OPINION.

McEnery, J. On August 28, 1893, the Lafayette Bank of St. Louis filed a suit in the Civil District Court for the parish of Orleans, for the appointment of a receiver to the Algiers Brewing Company.

In the application for the appointment of a receiver, it is averred that the management of the company was characterized by waste, extravagance and recklessness; that the mortgage bonds of the company were sold at the rate of fifty cents on the dollar by said company as the result of a combination and conspiracy between the management of said brewing company and certain persons named in the petition; that a great number of suits were pending against said company; that the entire plant was under seizure in the suit of August Borman vs. said company, to satisfy a debt of $333.33, in pursuance of a judgment rendered in said suit, and the same was authorized to be sold by the sheriff; that certain parts of the machinery of said company were in the hands of the sheriff under writs issued in the suit of First National Bank of Chicago vs. said company; that six mules were also under seizure in another suit against said company; that certain members of the board of directors, acting in concert with certain stockholders of said corporation and certain bondholders, had conspired and confederated together to obtain possession of the entire plant of said corporation in satisfaction of their bonded indebtedness under consent proceedings to be instituted in the United States Circuit Court; that the board of directors and stockholders of said corporation had passed a resolution and signed a paper agreeing and consenting to an application about to be made on behalf of one of the bondholders, acting for himself and the other bondholders, for the immediate appointment of a receiver to administer the property of said corporation through the interposition of the United States Circuit Court, thus establishing consent to the appointment of a receiver and recognizing the necessity therefor. The corporation is alleged to be in an insolvent condition.

On this application an *ex parte* judgment was rendered appointing

State ex rel. Brewing Oo. vs. Judge.

a receiver to be " invested with all the powers with which receivers are invested under the law." He was directed to take charge of the property of the corporation, and the proceedings in case of Borman vs. said company were ordered stayed and the mules and machinery sequestrated in the other suits were ordered in the possession of the receiver without prejudice to the rights of the seizing creditors under their writs.

Accompanying the petition the plaintiff, who applied for the order, filed some evidence to substantiate the allegations in the petition. But the proceedings were conducted contradictorily with no one, and the judgment appointing the receiver was solely *ex parte*.

Within ten days after signing the *ex parte* judgment appointing a receiver, the relator applied for a suspensive appeal from the judgment and tendered a bond. The appeals were refused. Hence the application to this court for the necessary writs to enforce the granting of the appeals.

In the briefs filed there is considerable length devoted to the question whether or not the respondent judge had the power to issue the *ex parte* order appointing a receiver.

The order may or may not have been properly granted. This question can only be determined when the judgment is before us on appeal. Our inquiry is now restricted to whether the relator is entitled to a suspensive appeal from the *ex parte* judgment.

The application for the suspensive appeal is resisted on the following grounds: (1) That the creditors and stockholders were not parties to the judgment, and as third parties they must produce proof, which must be established contradictorily with the parties to the judgment, that they have an appealable interest; (2) that the judgment is interlocutory and works no irreparable injury; (3) that the remedy to correct such an appointment is by rule to set aside the judgment, improvidently granted, and an appeal from the judgment on the rule.

The other grounds of consent to the appointment of a receiver and the acknowledgment of its necessity properly belong to the investigation of the rightful issuance of the order from which an appeal is asked.

1. On the first point it is evident that in the present proceeding the question raised properly belongs to the proceedings on appeal in a motion to dismiss the appeal. In application to this court in the

State ex rel. Brewing Co vs. Judge.

first instance for writs, the interest of the parties is presented on a *prima facie* showing. The petition of relator shows an appealable interest, and this petition is accompanied by his affidavit. Even when the appeal is on file in this court it is sufficient if the record shows a pecuniary interest. State *ex rel.* Bonnet vs. Judge *at hoc,* 29 An. 397.

In the case of Insurance Co. vs. Costa, 32 An. 3, this court said that this pecuniary interest may be shown by proper affidavit, indicating the nature and extent of the right imperiled by the decree and by the recitals of which the opposite parties would be so minutely informed as to be enabled to conclude, by an inspection of the evidence itself, whether to contest or acknowledge the applicant's right to an appeal.

2. An interlocutory order is something which is ordered by the court between the commencement and end of a suit which decides some preliminary part or matter, which, however, is not a final decision of the matter in issue. From this class of decrees an appeal is permitted when an irreparable injury may result from its enforcement. But in a judgment appointing a receiver certain facts have to be presented and passed upon by the judge to whom the application is presented, and the decree in such a case possesses some of the elements of a final judgment, which requires the signature of the judge and belongs to that class named in the Code of Practice, distinguishing them from interlocutory orders, which do not require the signature of the judge, but which must be correctly entered in the record. Code Practice, 537, 544, 546; Starke vs. Burke, 9 An. 345.

The facts alleged by respondent in his application for the appointment of receiver, such as the abandonment of the franchises of the corporation, its insolvency, and the conspiracy between the shareholders and directors, are matters which by a definite judgment may become *res judicata* between the parties to the litigation. Code Practice, 539.

A judgment contradictorily rendered is that which has been given after the parties have been heard, either in support of their claims or their defense. Code Practice, Art. 535.

The usual method of appointing a receiver is after the parties have been heard, and a judgment is rendered on the facts presented. That there is a consent judgment does not detract from the force of the judgment, as the facts are admitted and proof by witnesses and

documentary evidence dispensed with. All such judgments have to be signed as final judgments, which may become definitive as to the issues presented by abandoning an appeal, or by a final judgment of the appellate court.

From all such judgments an appeal will lie, and the reports of this State will show that appeals from judgments appointing receivers have never been denied.

3. It is urged by plaintiff and respondent that the relator should have provoked a rule to set aside the *ex parte* judgment appointing a receiver, and an appeal should have been taken from the judgment on the rule.

I fail to see the force of this argument. In some cases in the exercise of the supervisiory jurisdiction of the Supreme Court over inferior tribunals, it may be required that the applicant for relief exhaust his remedies in the lower court. In the exercise of the right of appeal if the party cast could appeal from a judgment rendered contradictorily with him, there seems to be a stronger reason why he should be permitted to do so if the proceedings leading to the judgment have been *ex parte* and irregular.

What reason is there for the proposition that the defendant should proceed by rule and ask a reversal of the judgment as a prerequisite to an appeal? The presumption is that the judgment is valid, and why should the defendant require the court to reverse its proceedings as irregular and proceed regularly to pronounce judgment before an appeal should be allowed? The time of the court should not be occupied in order to reach such a result when it can be accomplished by a direct proceeding by appealing at once from the judgment. It avoids expense and delay, and the convenient and speedy administration of justice is the first consideration of courts in the disposal of cases. But it is from the judgment rendered from which the defendant has the right to appeal, no matter how rendered, so that it is final, or an interlocutory order that may work an irreparable injury. The judgment may be null and void from irregularities in the proceedings. The defendant has the right to attack it and have its nullity declared, either by appeal or an action of nullity. The relator herein has chosen the first mode of proceeding—by an appeal, a constitutional right which can not be denied him. State *ex rel.* Johnson vs. Judge, 36 An. 210; State *ex rel.* Morey vs. Judge, 31 An. 823-836.

4. It is suggested in respondent's brief that the action of the court in the appointment of a receiver is not reversable on appeal.

This doctrine has been unquestionably held in other jurisdictions, but in this State there is no statutory proceeding authorizing the appointment of a receiver to a corporation, and the assumption of such authority by the courts has only been in extreme and special cases, such as where the property of the corporation has been abandoned or where there are no persons authorized to take charge of or to conduct its affairs. Baker vs. Railroad Co., 34 An. 754; State *ex rel.* Brittin vs. City, 43 An. 830.

And this authority has heretofore been exercised when all the parties were before the court.

Whether there was a consent proceeding in the lower court to authorize the *ex parte* judgment appointing the receiver can only be determined when all the facts are before us on appeal.

The respondents contend that in no event is the relator entitled to a suspensive appeal, and Art. 580 of the Code of Practice is referred to as being conclusive on this point.

The judgments which are executed provisionally are mentioned in said article and rendered in the matter of the appointment of tutors and curators of incapacitated persons, and syndics of creditors where they are ordered to administer provisionally as creditors of vacant successions. The reasons for these exceptions are obvious. The necessity for some one to take care of the incapacitated persons or vacant estate is imperative, and the syndic provisionally appointed remains in charge of the provisional administration only, without power to sell, his acts only being conservatory until a regular syndic is elected by the creditors. In this case there was no provisional appointment of a receiver with power limited to conservatory acts, but he has the amplest power under the order for a full administration, extending to the sale of the effects under the order of court and a general winding up of the concerns of the corporation.

The article referred to does not include a judgment relating to such matters.

If a party has a right to appeal, the rule is that he can appeal suspensively, and I find no exception to the judgment in appointing a receiver to a corporation with full powers of administration. The directors had no power to consent to the appointment of a receiver. The shareholders only could give this consent. The directors are only the agents of the shareholders and can not do any act not authorized by the charter.

Rehearing refused.