ODOM, Justice.
 

 . Relator alleges that he is a son and one of the heirs of Charles Flores Esteves, deceased, and that he was appointed and has qualified as administrator of the succession of his father; that on June 13, 1935, the Honorable J. Claude Meraux, judge, rendered a certain judgment against him as heir and as administrator in favor of Mrs. Cecile Bourgeois Authement, surviving spouse of the deceased Charles Flores Esteves ; that he applied for a suspensive and devolutive appeal from said judgment; that the judge granted a devolutive but re fused to grant a suspensive appeal from said judgment; that under the law he is entitled to a suspensive appeal from said judgment, but that the trial judge arbitrarily refused to grant a suspensive appeal. He applied to this court for an alternative writ of mandamus to compel the judge to grant a suspensive appeal from said judgment. We ordered the judge to grant the appeal as prayed for or show cause why he should not do so.
 

 The district judge has made return and has sent up the pertinent portions of the record, from which it appears that after relator was appointed and qualified as administrator of the succession, the surviving spouse of the deceased brought suit against relator and all the other heirs and the administrator alleging that the inventory filed in the succession proceeding was erroneous in that certain property listed thereon as belonging to the community which had existed between her and her deceased husband did not in fact belong to the community, but was her separate property. Among the items which the administrator had listed as community property, but which the widow alleged belonged to her individually, were certain Liberty bonds
 
 *277
 
 and a deposit of $2,831.05 in the French Market Branch of the Whitney National Bank. She further alleged that she owned the improvements on certain lots, which improvements had been listed as community property. As to the other items of property listed on the inventory, the widow alleged the same was community property, and that she was entitled to judgment recognizing her as owner of an undivided one half interest therein.
 

 She further alleged that there was no necessity for an administration of the succession of her deceased husband for the reason that the succession owed no debts whatever except the expenses of last illness and funeral expenses, which could and would he paid out of the cash on deposit in one of the banks of the city of New Orleans, amounting to $3,327.41, which amount she alleged belonged to the community, and she therefore prayed that the order appointing relator as administrator be set aside and that the administrator be ousted from his office.
 

 There was judgment in favor of the widow as prayed for.
 

 The trial judge in his return sets out that he refused to grant a suspensive appeal from that part of the judgment ousting the administrator from his office for the reason that under article 1059 of the Code of Practice and under repeated decisions of this court, no suspensive appeal lies from a judgment appointing or removing an administrator. Article 1059 of the Code of Practice reads as follows:
 

 “When an appeal is made from a judgment appointing or removing a tutor or curator of a minor, interdicted or absent person, or of a vacant succession of absent heirs, or other administrators of successions, such appeal shall not suspend the execution of the judgment, but it shall have effect provisionally, until the appeal be decided.”
 

 By reference to the cases cited under the above article of Marr’s Revised Code of Practice of 1927 and Dart’s Annotated Code of a more recent date, it will be seen that this court has repeatedly held that no suspensive appeal is allowed from a judgment either appointing or removing an administrator from an office. The district •judge therefore correctly refused to grant a suspensive appeal from that part of the judgment ousting relator as administrator.
 

 But the judgment rendered goes further and recognizes the widow of the deceased as sole owner of certain property listed on the inventory as belonging to the succession, and further recognizes her, as the owner as widow in community, of an undivided one half interest in all the other property listed as belonging to the succession. From this part of the judgment relator was unquestionably entitled to a suspensive appeal. But the district judge says in his return that the reason he refused to grant relator a suspensive appeal from this part of the judgment was that relator did not offer to furnish bond, as required, by law, for a suspensive appeal. He says that relator’s contention was that he was entitled to a suspensive appeal from the entire judgment upon giving bond for costs. That is relator’s contention here.
 

 
 *279
 
 Relator had the right to suspend that part of the judgment which recognizes the widow as the owner individually of certain property listed on the inventory as community property and may suspend the judgment recognizing her as the owner of an undivided one half interest in the other property. But to do so, he should have offered to give bond as required by article 575 of the Code of Practice in a sum exceeding by one-half the amount for which the judgment was given. The judgment recognized the widow as the owner individually of property amounting to more than $3,000. Under this judgment she is entitled to take possession at once of this property and if relator desired to suspend her right to take possession of it until the case is finally decided on appeal, he should have given bond required by law.
 

 In support of his application, relator cites State ex rel. v. King, 46 La. Ann. 100, 108, 14 So. 615; State ex rel. v. Sommerville, 110 La. 734, 741, 34 So. 757, and State v. Houston, 36 La. Ann. 210, to the effect that the right of appeal is a constitutional one and cannot be abridged. He might have cited numerous other cases to the same effect. But such cases have no application here. His. right of appeal is not disputed. Article 1059 of the Code of Practice does not say that one who is removed as administrator cannot appeal from the judgment removing him. What.the Code says is that an appeal “shall not suspend the-execution of the judgment” of removal.
 

 Relator cites also Succession of Frye, 32 La. Ann. 1308, and Succession of Edwards, 34 La. Ann. 216, in support of his contention that a bond for costs is sufficient in cases of this kind. The cases are not in point. All that the court held in Succession of Frye was that “an Administrator appealing from the judgment recognizing the claim of a creditor, is required to give bond for such an amount only as may be fixed by the judge, to cover costs,” affirm.ing State ex rel. Durand v. Parish Judge, 30 La. Ann. 282. In Succession- of Edwards it was held that, “It is settled beyond contestation, that a bond for costs is sufficient for a suspensive appeal to prevent the distribution of the funds of an estate.”
 

 The judgment in the present case does not order the administrator to distribute the funds of the succession. It recognizes the surviving widow of the deceased as the owner individually of certain property which the administrator listed on the inventory as belonging to the succession, and as owner of the one-half interest in all the other property.
 

 The respondent judge ruled correctly that .relator in his capacity as administrator was not entitled to a suspensive 'appeal from that part of the judgment removing him from his office. And as the relator did not offer to give bond for a suspensive appeal from the other portions of the judgment, as required by article 575 of. the Code of Practice, the judge was correct in his ruling that relator was not .entitled to a suspensive appeal.
 

 It is therefore ordered that the alternative writ of mandamus issued herein be recalled, and that relator’s application be dismissed at his costs.