The administratrix of this estate seeks by application for writ of mandamus to compel the district judge to grant a suspensive appeal from the judgment recognizing the heirs and ordering them sent into possession of all the property remaining under the control of the said administratrix. The district judge give the following reasons for refusing to grant the appeal:
"I denied the motion for an appeal by the administratrix herein on the ground she has no right or interest to take an appeal. I rendered judgment herein with written reasons, holding valid the wills of the deceased, and recognized and sent into possession the heirs under the wills.
"This succession was administered for more than ten years during which it has been to the Court of Appeal on several occasions. Notwithstanding that the wills herein were ordered probated by my predecessors, they were never executed. Instead of a dative testamentary executor or executrix being appointed, an administrator (later succeeded by the administratrix) was appointed.
"Two years ago the administratrix filed an account which was finally homologated after amendment on appeal. The heirs petitioned to be sent into possession, and asked for the appointment of a dative testamentary executrix.
"Since this estate has been completely administered and all of the creditors paid, I denied the application for the appointment of a testamentary executrix, validated and executed the two wills, recognized and sent into possession those rightfully entitled to the estate of the deceased and ordered the administratrix to file a final account, which was filed.
"The only possible contest now would be between the administratrix and the heirs as a result of the final account. No other persons have an interest in the judgment sought to be appealed from.
"I do not consider that the Administratrix has a right or interest to take an appeal from the judgment validating the wills and sending the heirs into possession. An executor, representing the deceased and standing in his shoes, would have the right of appeal in a case like this.
"I could grant the appeal and the matter could then be disposed of by a motion to dismiss on appeal. But I am firmly convinced that the administratrix herein has no right to appeal from the judgment ordering the execution of the wills and the placing of the proper heirs in possession.
"For the above and foregoing reasons, I denied the motion for an appeal, suspensive or devolutive, filed by the Administratrix, and attach hereto my reasons for the judgment from which the appeal is sought."
As the district judge has said, for more than ten years this succession has been in litigation, and appellant has been before this court on several occasions. We agree with our brother below that the administratrix has no appealable interest. See Succession of Ames, 33 La. Ann. 1317; Succession of Allen, 48 La. Ann. 1036; 20 So. 193, 55 Am.St.Rep. 295; Succession of Heffner, 49 La. Ann. 407, 414, 21 So. 905.
The administratrix does not claim as an individual to have any personal interest and therefore, of course, has no appealable interest.
If it be that the administratrix complains that the effect of the judgment is to remove her from office by terminating the administration then no suspensive appeal lies from that judgment.
In Succession of Esteves, 183 La. 274, 163 So. 99, the Supreme Court, citing Code of Practice article 1059, held: "Succession: Administrator against whom judgment was rendered held not entitled to suspensive appeal from that part of judgment removing him from office (Code Prac. art. 1059)." (Syllabus.)
Relatrix's application for writ of mandamus is denied at her cost. *Page 851