No. 5209.

MARY MALADY *v.* WILLIAM MALADY, et al.

The judge *a quo* erred in making absolute the rule for the appointment of a receiver in this case. The petition on rule does not aver a necessity for it, nor any loss, injury or damage likely to arise to plaintiff, if it should not be done. There is no reason why the entire revenues of all the property belonging to the litigants should be taken possession of by a receiver, on the ground that the plaintiff owns one-fourth of it, when said plaintiff fails to allege even a cause for such appointment.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. Walter H. Rogers*, for plaintiff and appellee. *E. T. Merrick, Race & Foster*, for defendants and appellants.

TALIAFERRO, J. The defendants appeal from the following interlocutory orders rendered by the lower court during the trial of this case, viz:

*First*—The order of thirtieth January, for a sale of the property.

*Second*—Dismissing the defendants rule to rescind the order of sale.

*Third*—Dismissing the opposition to the report of experts.

*Fourth*—The appointment of the sheriff to receive the rents and revenues of the property.

In May, 1873, a decree of this court was rendered decreeing the plaintiff entitled to one-fourth of certain real estate standing in the name of Mary B. Caldwell, one of the defendants. Predicated upon that final decree, establishing the rights of the parties to the property that had been the subject of litigation, the plaintiff instituted proceedings in the Fourth District Court to cause a partition to be made. An order was rendered appointing experts to examine and report whether the property was susceptible of division in kind without injury to the owners. On the part of the plaintiff there appears to have been a disposition to push forward proceedings at a speed scarcely sanctioned by legal rules, and on the part of the defendants a willingness to submit to the inevitable law's delay. No notice, it seems, was served upon the defendants of the filing of the report of the experts, according to article 456 of the Code of Practice. The defendants, after the notice required by that article, which they are entitled to but which was not given, had ten days within which to file their opposition. C. P. 457. They filed an opposition, however, on the ninth day after the filing of the report; but before this opposition was filed the court rendered an *ex parte* order approving and homologating the report of the experts. The opposition was filed on the twenty-sixth of January. On the same day the plaintiff filed a petition for a sale of the property for cash, alleging that the report of the experts had been homologated. On the thirtieth of January an *ex parte* order was rendered on this petition for a sale of the property for cash, in conformity with the report of the experts. The defendants then took a rule on the plaintiff to have this order of sale rescinded, on the ground that it had been improvidently rendered. Pending this rule before the court the defendants, on the fourteenth February, introduced two witnesses to testify in regard to the practicability of a division of the property in kind. These witnesses testified that the property is susceptible of a division in kind, and gave their reasons for this opinion and presented their programme upon which, in their view of the case, a division in kind can be made. The rule to rescind was dismissed on the second of March, as was also the opposition of defendants to the homologation of the report of experts.

The plaintiff proceeded by rule on the tenth of January to have the civil sheriff appointed receiver, to collect rents and revenues of all property she claimed to have an interest in. Issue was joined on this rule denying the right of the plaintiff to have a receiver appointed. The court made the rule absolute on the twenty-ninth of January, and appointed the sheriff keeper as prayed for by the plaintiff. The peti-

tion or rule for this appointment does not allege any reason for the appointment of a receiver. It does not aver a necessity for it; nor loss, injury or damage likely to arise to the plaintiff, if it should not be done. We can see no good reason why the entire revenues of all the property shall be taken possession of by the sheriff on the ground that the plaintiff owns one-fourth of it, when she fails to allege even a cause for such appointment. We think the court erred in making the rule absolute. 11 R. 433 and 4 An. 456.

We think all the foregoing orders appealed from and numbered from one to four inclusive, were irregularly and improperly rendered, and it is now ordered that they be annulled and set aside. It is further ordered that the report of the experts appointed to examine and report whether the property owned in common by the parties to this suit is susceptible of division in kind or not, be approved and homologated, and it is further ordered that the said property be sold and the proceeds partitioned between the parties upon the basis of their respective shares and interests in the property, the sale to be made in conformity with law and this order.

It is lastly ordered that this case be remanded to the court of the first instance for the purpose of rendering all such ulterior orders and taking all such further proceedings herein as may be necessary to effect and complete the said partition, the plaintiff and appellee paying costs of this appeal.

Rehearing refused.