No. 6645.

SUCCESSION OF PAULINE MENENDEZ.

The judgment of a court removing an under-tutor can not be *suspensively* appealed from. Such a judgment must be provisionally executed.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J.

*W. E. Murphy,* for plaintiff and appellee.

*E. Sabourin,* for defendant.

The opinion of the court was delivered by

DEBLANC, J. I. M. Tupery, the grandfather of the children of Pauline

Succession of Pauline Menendez.

Menendez, sues for the removal of Fernandez I. Carbajal, as under-tutor of said children, on the ground that he is aiding their tutor in an attempt to despoil them. There was judgment removing said under-tutor, and appointing, in his stead, the grandfather, the said Tupery. From that judgment Carlos Menendez, the tutor, and the dismissed under-tutor have prayed for and obtained a suspensive appeal.

In the lower court, a motion was made to dismiss this appeal, for the reason that, under the law, the execution of such a judgment as that rendered in this case can not be suspended by an appeal. That motion is urged here, and it must prevail. There are judgments which are to be provisionally executed, notwithstanding and without prejudice to the right of appeal. Among them is the appointment, and—of course—the removal of tutors and under-tutors. C. P. 580, 1059. ·

Even the already appointed tutor, who has excuses to offer against his appointment, is bound to provisionally administer as such during the pendency relative to the validity of his excuses. R. C. C. 300.

Appellant relies, we presume, on the fact that the Code of Practice does not, in express terms, include in the list of judgments to be so provisionally executed, those that may be rendered against under-tutors. They are, undoubtedly, of that class, as a final decision in such cases may be retarded for a long time, and occasions might arise during the pendency of the litigation, which would require the inteference of an under-tutor.

This is not all : were a dative tutor appointed to replace an excluded or removed natural tutor, the decree ordering the appointment and removal would be provisionally executed against the parent. The under-tutor can not justly claim a privilege denied to the father: the causes of incapacity, exclusion, and removal, with but two exceptions, which apply to the tutor, apply likewise to the under-tutor, and the effects of a decree pronouncing the removal are necessarily the same. C. C. 306.

It is therefore ordered, adjudged, and decreed that the appeal taken and granted in this controversy is maintained as exclusively a devolutive appeal.