## No. 9167.

THE STATE EX REL. CAROLINE H. GEDDES VS. JUDGE OF CIVIL DISTRICT

COURT FOR THE PARISH OF ORLEANS, DIVISION C.

A *mandamus* lies to compel the granting of a suspensive appeal from a judgment decreeing a liquidation of a community of acquets and gains, although it refuses a partition asked. Such judgment, having passed on the entire demand, is a *final* judgment, from which the law does not provide that there shall be allowed no appeal.

State ex rel Geddes vs. Judge.

APPLICATION for Mandamus.

*T. Gilmore & Sons* for the Relatrix.

*J. Ad. Rozier* and *W. B. Lancaster* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus* to compel the district judge to grant the relatrix a suspensive appeal from certain decrees or judgments rendered by him, the motion therefor having been seasonably offered, accompanied by a proper bond.

The district judge returns that the rulings made by him and complained of are not *final* judgments, but simply *interlocutory* decrees, the execution of which can work no irreparable injury.

Our learned brother labors next to establish the correctness of the rulings in question.

With this last part of the return this Court cannot presently be concerned. The difficulty now to be solved consists in determining whether the rulings sought to be brought up for review can or not be suspensively appealed from; in other words, whether they are *final* judgments or mere *interlocutory* decrees, which can work no irreparable injury.

We will proceed to examine them *seriatim*.

I.

It appears that the executors of John Geddes have instituted an action in which, after certain averments, they pray that Widow Geddes, as also the universal legatee of the deceased and the attorney for absent heirs, be cited; that the said Mrs. Geddes be forced to make her decision whether she elects to accept the community or to renounce the same; and in case she elects to accept, then that a liquidation and partition of said community be ordered and adjudged to take place, according to law. The executors ask for all further orders and pray for all other relief as may be required in the premises.

Widow Geddes excepted to the petition, on the ground that it discloses no right of action. Her exception having been overruled, she appeared accepting the community, under benefit of inventory, and further answered, praying to be dismissed with her costs.

After trial the court rendered a judgment *in favor* of the executors and *against* the widow in community, decreeing that there be a liquidation of said community, in order to determine the respective rights of said widow and of the heirs of the deceased, and dismissing the demand for a partition, without prejudice to any right which the plain-

State ex rel. Geddes vs. Judge.

tiffs, or any of them, may have to sue for such partition, should the same hereafter be deemed necessary or advisable.

The judgment was rendered on February 4th, and signed on February 8, 1884.

The petition had two objects: a liquidation of the community and a partition of its assets.

The judgment decreed the liquidation and declined the partition, with a reserve.

It has effectually passed upon the only two questions or issues presented and has set the controversy at rest. It is no longer open to review by the court which rendered it, and if erroneous, can be reformed on appeal only, the case being appealable.

It has certainly the substance and the form of a *final* judgment which can acquire the force of *res judicata* and thus become definitive or sovereign.

All final judgments, where the matter in dispute is within the jurisdiction of this Court, can be suspensively appealed from, to it, where they order anything to be done, or where they would in some way produce an effect, unless the law declares otherwise. C. P. 565.

The judgment complained of does not belong to the class of those from which the Code of Practice declares that no *suspensive* appeal shall lie and which shall be executed provisionally. C. P. 580; 20 A. 574, 529; 35 A. 507.

II.

The second ruling is one dismissing a rule taken by the relatrix on the executors to compel them to pay certain legacies to other parties and to erect a tomb for the deceased.

The decree was signed as final judgments usually are. C. P. 546. It is itself a final judgment. It is difficult to perceive how such a judgment of dismissal can be executed and how its effects can be suspended. The relatrix has thrown no light on this question and possibly she was not bound to do so. If, however, the judgment be susceptible of an effect, she wishes to suspend its execution. The suspensive appeal which she seeks may or not suspend, as there may or not exist an effect or execution to be suspended. It is not such judgment as the law provides shall not be *suspensively* appealed from. C. P. 580, 575.

III.

The last action of the judge complained of is an *ex parte* order made at the instance of the executors to take testimony under commission, "in the matter of the order and judgment * * * rendered on the 4th of February, 1884," and directing the widow to be notified thereof.

The order is evidently in furtherance of the judgment first above considered and from which it is determined that a suspensive appeal lies. If the relatrix be entitled to suspend *that* judgment, she can, as a matter of course, likewise arrest whatever is sought to be done in furtherance of it.

It is, therefore, ordered and decreed that the alternative *mandamus* herein issued be made peremptory and that the restraining order made *in limine* be made absolute.