State ex rel Levy & Son vs. Judge.

## No. 10,250.

THE STATE EX REL. J. K. LEVY & SON VS. T. C. W. ELLIS, JUDGE OF CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, DIVISION A.

A prohibition cannot issue to a District Judge to prevent him from doing an act which he denies to have done, which he refuses to do and which is not shown to have been done by him.

A judgment or decree appointing a provisional syndic, in an insolvency proceeding, cannot be suspensively appealed from. It must be executed, although an appeal was granted from it and was perfected.

A mandamus does not lie against a District Judge to direct him to annul such appointment and to cancel the letters issued to the provisional syndic, when for reasons assigned, the judge has declined to do so.

The exercise of a legal discretion cannot be controlled by mandamus.

APPLICATION for Mandamus.

*H. C. Cage* for the Relators.

*Bayne, Denegre & Bayne* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a Prohibition and for a *Mandamus.*

The relators complain that the district judge has proceeded to execute a judgment after a suspensive appeal had been taken therefrom, and that he has refused to cancel what has been thus done.

The district judge returns denying emphatically having acted in the manner complained of, after the appeal had been allowed, and avers that what was done took place after the judgment had been signed, but *before* the appeal had been asked.

He further returns that the reason for which he declined avoiding what had been thus done by him, is that, after the appeal had been granted and perfected, he ceased to have any further jurisdiction over the case, and could legally render no valid order in the premises.

It appears that the relators applied for a respite which, after due proceedings, was granted them; that certain creditors obtained orders requiring the applicants to furnish bond and security as concerned them, which have not been appealed from; that subsequently the applicants, having failed to comply with such orders, under proper proceedings, the judgment according the respite was annulled and a judgment of cession of property was rendered against the applicants, appointing a provisional syndic; that, after said judgment had been

State ex rel. Levy & Son vs. Judge.

signed, letters were issued to the syndic, and that subsequently, a suspensive appeal was asked, granted and perfected from said judgment.

It also appears that the provisional syndic thus appointed, treating his appointment as operative, entered an appearance in the United States Circuit Court, sitting in this city, in his official capacity, in a matter in which the creditors of the applicants had an interest, and that the petitioners then took a rule in the court below to rescind the letters issued to the syndic, and that the district judge declined to act, as having no further jurisdiction over the subject-matter, in consequence of the suspensive appeal.

The prohibition asked is to prevent the judge from executing the judgment appealed from, and the *mandamus* prayed for has for its object to compel the judge to annul the letters issued to the syndic.

As it is clear that the district judge has not only not done any act after the appeal had been perfected, but has refused to do any, the Court is at a loss to perceive how the writs asked can be allowed. It would have been immaterial if the letters had issued after the appeal, as the judgment was provisionally executory.

It is also apparent that, if the execution of the judgment decreeing a cession could have been suspended by appeal, such is not the case however as to the appointment of the provisional syndic, which was made under Art. R. C. C. 3093, and Act 134 of 1888.

The Code of Practice distinctly provides that some judgments are executed provisionally, although an appeal has been taken from the same, within the delay prescribed and the necessary surety given. Such judgments relate:

1st.　To the appointment of tutors, etc.;

2d.　To the appointment of syndics, where the Court orders that that they shall administer provisionally.　C. P. 580.　The jurisprudence is in accord.

The relators seem to act under the theory that the judgment appointing the provisional syndic could be suspensively appealed from, but this is a manifest error.

It is therefore ordered that the restraining order herein made *in limine* be rescinded, and that the applications for writs of prohibition and mandamus herein be refused, at cost of relators.