No. 12,908.

L. J. MESTIER & CO. VS. A. CHEVALLIER PAVEMENT COMPANY, LIMITED.

SYLLABUS.

The general rule is, that an appeal is admissible from an interlocutory order appointing a receiver as same may work an irreparable injury; but a receiver can not be legally appointed by an *ex parte* order in a pending suit.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*E. Evariste Moise, G. F. Socola* and *John Wagner* for Plaintiffs, and Appellees.

*Henry Chiapella, Dinkelspiel & Hart* for Defendant and Appellant.

Submitted upon Motion to Dismiss, and upon Merits, December 7, 1898.

Opinion handed down December 19, 1898.

Rehearing refused January 23, 1899.

## MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

WATKINS, J. The order appointing a receiver was granted by the district judge in a pending suit wherein a writ of judicial sequestration had been previously ordered by him as a conservatory measure, on the request of the plaintiff, and without consent of the defendant, either express or implied.

The ground on which plaintiffs and appellees request the dismissal of the defendant's appeal is that the appeal having been taken from an order appointing a receiver, it can not be allowed to stand because same is an interlocutory decree, which does not cause an irreparable injury.

That, as it was a supplementary order to that granting a writ of judicial sequestration, its issuance was within the discretionary power of the district judge, with which the Supreme Court will not interfere.

In other words, that the receiver was only appointed to take charge and dispose of a *few things,* and not for the liquidation of the corporation.

In our opinion, this does not belong to the class of cases this court had under consideration in Brewing Company vs. Judge, 46 An. 100, and Harrod vs. Sewerage Company, 49 An. 1595.

These decisions held that an order appointing a receiver is not appealable when the record discloses that same was procured or acquiesced in subsequently by a formal act or resolution of the corporation, to which the receiver is appointed.

A judgment or interlocutory decree which has been acquiesced in is non-appealable (C. P. 567).

The interlocutory order appointing a receiver in this suit is not, perhaps, injurious *per se,* and has not wrought the defendant corporation an irreparable injury that is apparent. *Non constat,* that it *may*

not do so in the future; and that it *may* do so is sufficient to entitle it to a hearing on appeal (C. P. 566.). State *ex rel.* Morcy vs Judge, 31 An. 824; Levine vs. Michell 34 An. 1181; Comminge vs. Judge, 29 An. 360; Jure vs. City, 2 An. 321; Crescent City Live Stock Co. vs. Police Jury, 32 An. 1192; State *ex rel.* Sigur vs. Judge, 33 An. 133; Osgood vs. Black, 33 An. 493; Anderson vs. Smith, 28 An. 649; State *ex rel.* Gravois vs. Judge, 33 An. 760.

The general rule is that a suspensive appeal will lie from a judgment appointing a receiver. Metropolitan Bank vs. Commercial Soap, Candle and Starch Manufactory, 48 An. 1883.

*In re* Moss Cigar Co. Limited, on rehearing, 23 So. Rep 544, the right of appeal from an order appointing a receiver was recognized, and the decisions in State vs. King, and Harrod vs. Sewerage Co., were differenced from the general rule which obtains in ordinary cases. Enet vs. His Creditors, 4 Martin 308; Martin vs. Blanchin, 16 An. 83.

The motion to dismiss is denied.

---

## ON THE MERITS.

The record discloses the fact, that, notwithstanding the prayer of plaintiff's petition, demands, amongst other things, that the defendant "show cause why this court should not appoint an officer as re-" ceiver, custodian, judicial sequestrator, or otherwise, to take into his " possession and control, all of the said property, etc.," and an order was subsequently made, on the motion of plaintiffs, granting a judicial sequestration of the assets and property of the corporation, the court made and entered a still later order appointing a receiver for the defendant corporation upon the *ex parte* application of the plaintiff, during the pendency of the suit, and he at once took and subscribed the necessary oath, gave bond and entered upon the discharge of the duties of that office.

It is from that order that this appeal is prosecuted, and the question for decision is, whether a receiver can be thus appointed.

We think not. The trend of authority is just the other way.

In Baker vs. Portable R. R. Co., 34th Ann. 754, on a careful review

of adjudicated cases it was held, that the power of courts in Louisiana to appoint receivers is exceptional and limited.

In Frazier vs. Wilcox, 4 Robinson, 517, the court said:

"We are not to be understood as giving our sanction to an opinion " sometimes expressed, that the judges of the inferior courts, with- " out the assent of the parties to a suit, or with the consent of only one " of them, can exercise the powers of a chancellor and appoint of their " own accord, receivers for the purpose of collecting and keeping the " funds attached, or that may be the subject of litigation."

The same doctrine was announced and reiterated in United States vs. The United States Bank, 11 Robinson, 418.

In Martin vs. Blanchin, 16th Ann. 237, it was held not to be within the authority of the District Court to appoint *ex parte* a receiver of assets belonging to a partnership; and the court said, that the proper course was, either to obtain a writ of sequestration, or a rule on the defendants to concur in the appointment of a receiver by the parties.

In the present case the plaintiffs demanded and secured an order for the issuance of a writ of judicial sequestration of the assets of the corporation, and caused the sheriff to take same into his custody; and subsequently he demanded and obtained an *ex parte* order appointing a receiver.

In State *ex rel.* Brittin vs. City, 43rd Ann. 829, this court said after carefully reviewing all the decisions of this court, viz:

"No principle of law is better settled than that courts have no· " power to appoint receivers *ex parte* without notice or hearing of the " party in interest, and unless a basis for the appointment is alleged " and proved."

See High on Receivers, Secs. 17; 111; 115.

The right of courts to grant writs of judicial sequestration *pendente lite* was distinctly recognized in Eltringham vs. Clark & Pringle, 49th Ann. 343; also, in Allen West & Bush vs. Whetstone, 35th Ann. 846.

But we are aware of no authority for the appointment of a receiver· *ex parte* in a pending suit against a corporation as appears to have been done in this case.

Our conclusion is to annul the order appointing the receiver, and· remand the cause to the District Court for further proceedings according to law.

It is therefore ordered and decreed, that the interlocutory order appointing a receiver be and the same is hereby annulled and revoked;.

and it is further ordered and decreed that the cause be remanded to the lower court for further proceedings according to law—the costs of appeal to be taxed against the plaintiffs and appellees, and those of the court below to await its final action thereon.

BREAUX, J., dissents.

NICHOLLS, C. J., absent.