(34 South. 757.)

No. 14,860.

STATE ex rel. BYRNES v. SOMMER-VILLE, Judge.*

(June 8, 1903.)

APPEALABLE ORDER—REMOVAL OF SYNDIC—JURISDICTION PENDING APPEAL.

1. A judgment of the court removing from office a definitive syndic is appealable from suspensively, and pending the appeal the district court is without jurisdiction to convoke a meeting of creditors to select his successor. The court does not lose its jurisdiction over the insolvency itself and the conduct of the syndic pending the appeal. The creditors also are entitled to the conservatory remedies necessary to their rights in the interval.

(Syllabus by the Court.)

Application by the state, on the relation of W. H. Byrnes, syndic, for writs of certiorari and prohibition to W. B. Sommerville, judge of the civil district court for the parish of Orleans, Division D. Writs granted.

McCloskey & Benedict, for relator. Respondent judge pro se. Henry L. Lazarus, Omer Villeré, H. Gibbs Morgan, and Herman Michel, for respondents.

### Statement of the Case.

NICHOLLS, C. J. The relator herein prays, in his capacity as elected and qualified syndic of the creditors of E. Conery, Jr., that writs of prohibition and certiorari issue to the judge of Division D of the civil district court, commanding him to send up the record in the cause entitled "E. Conery, Jr., v. His Creditors," No. 49,730 of the docket of the civil district court, in order that the validity of the proceedings therein may be ascertained, and that, after due proceedings had, it be decreed that the Supreme Court is

---

*Rehearing denied June 27, 1903.

alone vested with the jurisdiction in the cause above entitled until final disposition of the appeals taken herein; that the district judge and George A. Hassinger and William Ardill, notary public, be restrained and prohibited from further proceeding in said cause until the further orders of the Supreme Court; that the order for a meeting of creditors, signed April 30, 1903, be annulled, vacated, and set aside, as improvidently and illegally issued; and that the writs prayed for be made perpetual.

This court ordered that the record referred to be sent up, and commanded the district judge to show cause why the writ of prohibition should not issue as prayed for. It further ordered that all proceedings in the case be stayed until its further orders.

The grounds of relator's application were: That he had been elected and confirmed syndic of the creditors of E. Conery, Jr. That, on the 3d of February, George A. Hassinger, claiming to be the assignee of various creditors of the insolvent, Conery, filed a rule against him, praying that he be destituted as syndic, and condemned in statutory penalties. That the rule was made absolute. He was destituted as syndic, and condemned to pay penalties exceeding $5,000. That he made an unsuccessful application for a new trial, and final judgment on the rule was signed April 20, 1903, destituting him.

That on the 29th of April, 1903, he appealed suspensively from said judgment, both individually and as syndic, and perfected the appeals by executing bonds according to law on the 29th of April, 1903, after which date he declared the district court was divested of jurisdiction over the subject-matter. That, none the less, George A. Hassinger presented on the 30th of April, 1903, a petition praying for the convocation of a meeting of the creditors of said Conery, insolvent, to elect a syndic in his place and stead; and said petition, notwithstanding the suspensive appeals taken and perfected by him, was favorably considered by the district judge, and he granted an order thereon calling a meeting for the purpose stated before Ardill, notary public.

That the district court was without jurisdiction to grant orders of any kind or character in said cause after the taking and perfecting of the suspensive appeals granted by the court, and the effect of the order calling a meeting of creditors was to deny to him the legal consequences flowing from the suspensive appeals. That said meeting would be held under the illegal order of the district judge pending the suspensive appeals taken by him, to his irreparable injury, unless restrained by the prohibition which he applied for.

The respondent judge answered that a writ of prohibition should not issue, for the reason that there was a judgment removing relator from the office of syndic of the creditors of E. Conery, Jr., which judgment, under the terms of article 1059 of the Code of Practice, was not suspended by the appeal taken by the relator as syndic; that he did not consider the language of that article to be exclusive in its terms with reference to court officers; that in the case of State of Louisiana ex rel. Commagere v. The Judge of the Second District Court for the Parish of Orleans, 22 La. Ann. 116, the Court said that a dative executrix was included within the terms of article 1059, and in State ex rel. Du Buisson v. Judge, 14 La. Ann. 240, the court held that that article embraced a curator of a succession and a liquidator of a partnership; that an interdiction proceeding was nearly in all respects the same as that of succession proceedings, and the same law applied to both; that the appeal granted to the syndic was not, under the law, suspensive, and it was his clear duty to direct all necessary proceedings on the removal of Mr. Byrnes as an officer of the court.

### Opinion.

The general rule as to final judgments is that they may be appealed from suspensively by complying with the conditions attached to that character of appeal. Code Prac. arts. 565–575.

Articles 580 and 1059 of the Code of Practice declare, however, that some judgments must be executed provisionally.

The first of these articles (Code Prac. art. 580) reads as follows:

"Some judgments, however, are executed provisionally although an appeal has been taken from the same within the delay prescribed and the necessary surety given. Such judgments relate

"(1) To the nomination of tutors and cura-

tors of minors, of persons absent or interdicted and of vacant successions.

"(2) To the appointment of syndics of creditors when the court orders that they shall administer provisionally."

The second article (Code Prac. art. 1059) provides that:

"When an appeal is made from a judgment appointing or removing a tutor or curator of a minor, interdicted or absent person, or of a vacant succession or absent heirs, or other administrators of successions, such appeal shall not suspend the execution of the judgment, but it shall have effect provisionally until the appeal be decided."

Section 1814 of the Revised Statutes of 1876 declares that "in case of vacancy in the office of syndic, by removal or otherwise, a meeting of the creditors to fill the vacancy shall be ordered."

Relator insists that the jurisdiction of the Supreme Court has been invaded by the action of the district court, its jurisdiction having attached as soon as he executed his bond under the order of suspensive appeal which was granted to him; that the district court was thereafter without power and authority to revoke the order for a suspensive appeal; that it never did, in fact, revoke it, but took action in execution of the judgment appealed from with the order for a suspensive appeal still standing, and after its terms had been complied with.

He further contends that the exceptions provided for by articles 580 and 1059 of the Code of Practice are specially enumerated and provided for, and the terms of the articles cannot be enlarged by analogy and construction; that the exceptional cases referred to are enumerative and exclusive, and not illustrative.

In the brief filed on behalf of the respondent judge, this court is referred not only to State ex rel. Commagere v. Judge, 22 La. Ann. 116, and State ex rel. Du Buisson v. Judge, 14 La. Ann. 240, but to State v. Judge of Second District Court, 5 La. Ann. 518, and to Succession of Menendez, 29 La. Ann. 408.

Counsel say: "It is true that under the last article no direct reference is made to the removal of syndics of insolvent estates. In principle and by analogy, as well as by the settled jurisprudence of this state, syndics,

when removed by the court appointing them, cannot by appeal suspend the operation of the judgment. Their position, their duties, and their responsibilities are identical with those of a tutor, a curator, a testamentary executor, or an administrator; and the courts of the state, when construing the article cited, have read into it court officials not expressly enumerated, but whose duties and responsibilities are controlled by the same considerations that affect those particularly instanced in the article. * * * Taking the articles of the Code of Practice in the broad and intelligent sense in which they were intended, and lifting them out of the narrow and restricted meaning sought to be applied to them by the relator, the removal by a court of its trusted officer from the administration of a trust fund is not to be suspended pending an appeal. The jurisprudence of the state has wisely written into the text that class of cases coming within the principle announced by article 1059, and extended its beneficent and wise provisions to those officers of court who, recreant to their duty, are removed from the field of further temptation to do wrong, and who, until the reviewing tribunal has solemnly said that the removal was without cause, no longer stand as creditors' agents and the court's representatives."

It will be seen that article 1059 of the Code of Practice is broader in its terms than is article 580. It not only refers to the "appointment," but to the "removal," of tutors and curators of minors, interdicted or absent persons, or a vacant succession, or absent heirs, or other administrators of successions, while article 580 is limited to their appointment. The latter article, however, includes among judgments which are to be executed provisionally, although an appeal has been taken from the same within the delay prescribed, and the necessary surety given, judgments appointing "syndics of creditors," when the court orders that they shall administer provisionally, while article 1059 makes no mention whatever of "syndics of creditors."

In State ex rel. Widow and Heirs of Pearson v. Parish Judge of Jefferson, 22 La. Ann. 63, this court held that, when heirs have been legally put in possession of an estate by a judgment of court, the property cannot be afterwards placed under the control of

an executor or administrator, to be administered as succession property, and that, under such a condition of things, a writ of prohibition would lie from the appellate court against the probate judge pending the appeal from an order appointing a dative testamentary executor.

Referring to article 580 of the Code of Practice, the court said: "The provisions of that article are founded upon the assumption that injury would result from the want of a tutor to minors, of a curator to absent or interdicted persons or of a succession, or of a syndic of creditors, if a judgment appointing these representatives were not executed provisionally, and hence they form exceptions to the general rule in regard to suspensive appeals. But these exceptions do not apply where no injury would result if no appointment were made in any of the cases enumerated. We see no possible injury that could result to any party if the order appointing a dative testamentary executor in the case before us were not provisionally executed. We have been shown that the rightful heirs are in possession of the property by a final judgment of the proper court; that these heirs filed a peremptory exception to the jurisdiction of the court; that this exception was disregarded, and a suspensive appeal denied. The appeal in this case involves not only the appointment of a dative testamentary executor, but the right of the court to appoint an executor at all. We think that a suspensive appeal should have been granted, and that it is necessary to the efficiency of the appellate jurisdiction of this court."

A writ of prohibition was accordingly issued. The views so expressed were in affirmance of those which had been announced in State ex rel. Marin v. Parish Judge of Plaquemines, 22 La. Ann. 23.

In the latter case the heirs of Dunnford had been placed in possession of his estate by judgment of court. The executor of the succession having died, application was made for the appointment of a dative testamentary executor. The heirs opposed the application, but, the opposition being overruled, they obtained a suspensive appeal. Subsequently thereto the judge ordered that the judgment be executed, under articles 580 and 1059 of the Code of Practice, and article 1113 of the Civil Code.

The Supreme Court, on application, issued a writ of prohibition to the parish court, saying: "These articles of the Code are applied when successions are opened to be administered for, and the controversy is between two or more persons for the right of preference to the appointment of administrator, but not as in this case, where the principal question is, 'succession or no succession,' or whether the administration is necessary or legally possible. The demand made by one of the relators, as heir, to be appointed in preference to the creditor applying, was only incidental, and dependent on the necessity for an administration. From the judgment on the issues presented by this controversy a suspensive appeal was properly granted, and any subsequent action of the judge a quo in executing the judgment appealed from was beyond his jurisdiction." See, on this subject, Succession of Miller, 28 La. Ann. 574.

Mr. Justice McEnery, in his dissenting opinion in the matter of State ex rel. Brewing Co. v. Judge, 46 La. Ann. 109, 14 South. 615, incidentally discussing articles of the Code referred to, said: "The judgments which are executed provisionally are mentioned in said articles, and rendered in the matter of the appointment of tutors and curators of incapacitated persons and syndics of creditors, where they are ordered to provisionally administer as creditors of vacant successions. The reasons for these exceptions are obvious. The necessity for some one to take care of the incapacitated persons or vacant successions is imperative, and the syndic provisionally appointed remains in charge of the provisional administration, only without power to sell; his acts only being conservatory until a regular syndic is elected by the creditors. In this case there was no provisional appointment of a receiver, with power limited to conservatory acts, but he has the amplest power under the order for a full administration, extending to the sale of the effects under the order of court, and a general winding up of the concerns of the corporation. The article referred to does not include a judgment as to such matters. If a party has a right to appeal, the rule is that he can appeal suspensively, and I find no exception to the judgment appointing a receiver to a corporation, with full powers of administration."

The Code, by its very language, shows an

intention to make a distinction between syndics acting provisionally under a court's appointment, who are strictly "court officers," subject specially and directly to the continuing control of the appointing power, and syndics who are elected by the creditors of an insolvent, who are in a sense the agents of the creditors themselves, and hold their positions by a much stronger and firmer tenure than a mere provisional syndic. State ex rel. Mauberret v. Rightor, 45 La. Ann. 235, 11 South. 862.

The decisions quoted from 22 La. Ann. evidence the reluctance which our courts have always shown to ousting, through judicial proceedings, the possession of the property by one person, and placing it in the possession and control of another, in advance of final adjudication of the rights and obligations of the parties litigant. State ex rel. Sigur v. Judge, 33 La. Ann. 133; Weil v. Schwartz, 49 La. Ann. 582, 21 South. 859.

In appealable cases the right to a suspensive appeal is the rule, and it stays execution, except in cases specially provided for. State ex rel. Ingram v. Judge, 20 La. Ann. 529; State ex rel. Cain v. Judge, 20 La. Ann. 577; State ex rel. Geddes v. Judge, 36 La. Ann. 303; State ex rel. Crescent City Bank v. Judge, 17 La. Ann. 186.

In State ex rel. Johnson v. Houston, 36 La. Ann. 211, the court said: "It is true that there are some judgments which become executory as soon as rendered, but they are specified by law. Those not included must be deemed as intentionally omitted by the lawmaker. It does not appear that the judgment sought to be suspensively appealed from belongs to the excepted class. The right of appeal is a constitutional one, and cannot be abridged, whatever the effects may be which the granting or the enforcement of the same may provisionally occasion."

In State ex rel. Avery v. Judge, 41 La. Ann. 958, 8 South. 541, this court held that the provisions of article 580 do not relate to judgments appertaining to the appointment of definitive syndics of creditors unless the court, in rendering the decree, order they shall administer provisionally, and that, after a suspensive appeal had been taken from such judgments, the syndic has the power to grant any additional order therein involving the subject-matter thereof.

In Metropolitan Bank v. Manufacturing Co., 48 La. Ann. 1383, 20 South. 889, the court, on a motion made to dismiss the appeal, said: "This is an appeal taken from a judgment appointing a receiver. A suspensive appeal was taken. The motion to dismiss is on the ground that the judgment appealed from was one which should be provisionally executed, notwithstanding the appeal, and therefore no suspensive appeal would lie therefrom. Some judgments, notwithstanding the suspensive appeal, are provisionally executed. These are named in articles 580 and 1059 of the Code of Practice. The appeal for the appointment of a receiver to a corporation is not enumerated, and is therefore excluded."

In Mestier v. Chevallier Paving Co., 51 La. Ann. 142, 24 South. 799, the court, citing 48 La. Ann. 1384, 20 South. 889, declared that the general rule was that a suspensive appeal would lie from a judgment appointing a receiver.

Section 4 of the law of 1898, p. 312 (Act No. 159), authorizing and regulating the practice of appointing receivers of corporations, grants the right to any person who by affidavit appears to be interested, on giving bond to be fixed by the judge, to appeal on the face of the record from any order appointing a receiver; such appeal, when effected, having the effect of suspending the functions of such receiver, except to perform such administrative acts as may be necessary for the preservation of the property, provided that such appeal must be taken and perfected within 10 days from the entry of the order appointing a receiver. The act is silent as to the situation resulting from a removal of the receiver by the court making the appointment. That statute does not deal with definitive syndics, not appointed by the court, but elected by the creditors of an insolvent.

The only cases known to us in which this court has extended the provisions of articles 580 and 1059 beyond their precise terms are State ex rel. Du Buisson v. Judge, 14 La. Ann. 240; Succession of Menendez, 29 La. Ann. 408. In the former case the Supreme Court included among the judgments not subject to appeal suspensively from a judgment removing from office, not the liquidator of a succession, but the liquidator of a partnership of Twibell and Aikens; the liqui-

dator so removed being at the time the curator ; of the succession of ;Twibell, who had been a. partner in the firm mentioned. In the second case the court refused to give effect as a suspensive appeal to an appeal which he had obtained, of character such as to stay the execution of a judgment, by which he had been removed as an undertutor of minors. The court maintained the appeal as devolutive, but held that the judgment of removal should be provisionally carried out. A reading of the articles of the Code of Practice will show that neither of them provided for appeals in the matter of the appointment or removal of undertutors, nor for the appointment or removal of liquidators of a partnership.

The court in each of these cases felt itself justified in dealing with the provisions of the articles as being illustrative, and covering classes of cases of a particular character, rather than being limited to the particularly specified cases. In the matter of the removal of the undertutor the court said:

"Appellant relies, we presume, on the fact that the Code of Practice does not in express terms include in the list of judgments to be provisionally executed those that may be rendered against undertutors. They are undoubtedly of that class, as a final decision in such cases may be retarded for a long time, and occasions might arise during the pendency of the litigation which would require the interference of an undertutor. * * *

"Were a dative tutor appointed to replace an excluded or removed natural tutor, the decree ordering the appointment and removal would be provisionally executed against the parent. The undertutor cannot justly claim a privilege denied to the father. The causes of incapacity, exclusion, and removal, with but two exceptions, which apply to the tutor, apply likewise to the undertutor, and the effects of a decree pronouncing a removal. are necessarily the same."

The judgment of this court in State ex rel. Levy v. Ellis, Judge, 40 La. Ann. 818, 5 South. 530, apparently extended the provisions of article 580 of the Code of Practice so as to make it cover cases ordering a "cession of property" to be made under the state of facts provided for by Act No. 134, p. 191,

of 1888, relative to respites; but it will be seen that the matter attempted to be appealed from suspensively in that case was. not the judgment decreeing the cession, but the order appointing a provisional syndic under that decree. State ex rel. Zeigler v. Taylor, 46 La. Ann. 933, 15 South. 407, is based upon that of Levy. We find that the definitive syndic who has been decreed herein to be removed . has executed two bonds. One, for $15,000, from that part of. the judgment removing him as a syndic. The other, for $15,000, from that part of the judgment inflicting upon him pecuniary penalties. It is. not claimed that the amount of the bond is. less than that which a suspensive appeal would call for, if the appeal is allowable. The correctness or incorrectness of the judgment destituting the syndic is not before us. for review in the present proceeding. The sole issue is whether the district judge had or did not have authority and jurisdiction, after a suspensive appeal had been perfected by the removed syndic, to give the order which is complained of.

The arguments submitted to us by counsel of the respondent are unquestionably logical and strong. The question, however, is not whether it would have been well for the lawmaker to have made the provisions of articles. 580 and 1059 broader than they are, but whether, taking them as we find them, we are authorized to enlarge the articles beyond their exact terms, through . logic . or by analogy. The decree must rest upon a decision as to whether the exceptions to the general rule granting suspensive appeals enumerated in the two articles referred to can for any reason be widened, or whether they must be held to be exclusive of all others, under the rule of "affirmatio unius exclusio est alterius," and that which declares exceptions. cannot be extended by construction. De Lizardi v. The New Orleans Canal & Banking Co., 25 La. Ann. 414; State v. Leo, 108 La.. 496, 32 South. 447.

The suspensive appeal from the order destituting the definitive syndic did not have the effect of withdrawing jurisdiction from the district court over its control of the insolvency itself, or over its supervision of the conduct of the syndic pending the appeal, nor did it deprive the creditors of having

recourse pending the appeal to all conservatory proceedings and remedies made · necessary.

We are of the opinion that the particular order of the court which relator complains of herein was granted by the district judge pending the suspensive appeal without authority, and that relator is entitled to the relief he seeks.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the writ of prohibition issue as prayed for. Costs of the application to be borne by respondents.