Statement of the Case.
NICHOLLS, J.
Relators averred that they were citizens and residents of the parish of *755 St. Martin and state of Louisiana, entitled to register as voters in said parish, and to vote at any election, as electors, in the state and parish, upon registering. That the registrar and supervisor of registration in and for the parish of St. Martin was Gilbert Durand, of said parish, whose duty was and is by law to keep its offices opened daily, Sundays and legal holidays excepted, commencing on the 1st of January last, during 60 days, for the registration of legal voters, from 8 o’clock a. m. to 1 o’clock p. m. and from 2 o’clock p. m. to 6 •o’clock p. m., and publish the same and time •of closing his registration.
That during the last two weeks of said 60 days he should keep his office in the courthouse.
That said registrar, contrary to law, closed his office on the 29th of February, 1904, in violation of law, inasmuch as said registrar then had not kept his office open for 60 days, having disregarded the Sundays and legal holidays that had intervened with these 60 •days, to wit, eight Sundays and two legal holidays.
That petitioners came to register, but found nut that they could not register, because the office of the registrar was closed, and not open for registration of voters, and had ever since been denied to voters since the 29th of February, 1904, thereby precluding petitioners from exercising their future rights of suffrage.
That the actions of said registrar in the matter were illegal, and destructive of the rights of voters and petitioners.
That said registrar had failed to comply with the registration laws; that by so doing he had caused petitioners to sustain great injury, to the amount of $3,000 at least, all of which necessitated a resort by petitioners to apply to court, in the name of the state of Louisiana, for an order or writ of mandamus addressed to said officer, Gilbert Durand, directing him to keep open his office for the registration of voters during the 60 days required by law, and fulfill the duties attached to his office during the omitted number of days, to wit, 10 additional days.
In view of the premises, upon proper oaths, petitioners prayed that said Gilbert Durand, registrar, be commanded by an order addressed to him ordering and directing him to reopen and keep his office opened in the courthouse at St. Martinsville, La., for the registration of voters and petitioners, during this number of days necessary to complete the 60 days required by law for the registration of voters, or cited to show cause to the contrary on the 8th of March, 1904, at 11 o’clock a. m., and that judgment be rendered as prayed for, said registrar Gilbert Durand to pay the costs of these proceedings, and for general relief.
The registrar was ordered to show cause why the mandamus should not issue as prayed for. 1-Ie answered. After pleading the general issue, he denied that he had precluded relators from registering under the law. He averred that under the plain duties imposed upon him as registrar of the parish, under the provisions of Act No. 199, p. 453, of 1898, of the General Assembly of the state of Louisiana, and especially under the provisions of Act No. 113 of 1902, p. 183, of the said Assembly, he had and-did keep his office open under the requirements of the said laws, which read that his said office is to be open during a period of 60 days commencing January 1st. That the 60 days to be computed from January 1, 1904, ended February 29, 1904, after which date he closed his office of registrar aforesaid. That having received from the Honorable John T. Michel, Secretary of State, previous to February 29, 1904, blank warrants for the payment of the registration, to be returned without delay, he, defendant, inquired by message from the said Secretary of State when the registration had to close, to which message he received an an *757 swer by wire from the said Secretary of State advising him that the registration closed on the 29th of February, 1904.
In view of the premises, he prayed that the action and mandamus sued out against him be dismissed, and for all general, special, and equitable relief in the premises.
The district court rendered judgment in favor of the plaintiffs against the registrar, making the rule absolute, and ordering and decreeing that, in obedience to article 213 of the state Constitution, he should keep the registration office open up to 30 days before the election, and decreeing defendant to pay all the costs of the proceedings. Defendant applied for and obtained a suspensive appeal from the judgment, returnable in four days.
Relators moved to dismiss the appeal on the ground that the relator was not allowed by law to appeal suspensively from the judgment.
Opinion.
Relators do not contest the right of the registrar to have appealed from the judgment of the district court, but complain very bitterly of its action in having granted him a suspensive appeal. They urge that an appeal of that character is not permissible in the matter of a mandamus directing the performance of a political duty of such great importance; that to recognize such a right would place it in the power of the registrar to trample without remedy upon the rights of citizens. Courts are not permitted to be controlled by such considerations; it is for the legislative department to deal with arguments of that kind. So long as it has not done so, the courts have to pass upon the rights and obligations of parties under the law as it stands. We have had occasion recently to review the jurisprudence of Louisiana on the subject of suspensive appeals, in State ex rel. Byrnes v. Sommerville, 110 La. 741, 34 South. 757, and declared therein, under the authority of numerous decisions cited, that in appealable eases the right to a suspensive appeal was the rule, and it stayed execution, except in cases specially provided for; that it was true there were some judgments which became executory as soon as rendered, but they were specified by law; that those not included must be deemed to have been intentionally omitted by the lawmaker; that the right of appeal was a constitutional one, and cannot be abridged, whatever the effects might be which the granting or the enforcement of the same might provisionally occasion. We have been referred to no statute, and know of none ourselves, which would cause this particular appeal to fall into the class of excepted cases. Relators took no action to have the order of appeal set aside, should the judge have had no authority to grant it.
The registrar insists in this appeal that the judgment of the district court directing the mandamus prayed for by the relator to issue was erroneous, and he prays that we set it aside.
The district court sustained relators in their view of the duty of the registrar under section 2 of Act No. 113 of 1902, p. 183, as to keeping his office open for the registry of voters for 60 days commencing on the 1st of January in every year in which a general election is held.
That law provides that the registrar “shall for sixty days in such year commencing on the first day of January keep his office open daily, Sundays and legal holidays excepted.”
Relators maintained and maintain that the lawmaker intended that Sundays and legal holidays should be excluded in computing the 60 days during which the registrar’s office should be kept open, and therefore defendant should not have closed his office as he did on the 29th of February, but should have held it open 11 days longer, so as to have given 60 actual registration days.
We think the registrar construed the law correctly, and conformed to it in closing his *759 office on the 29th of February. The intention of the lawmaker was, we think, that the office of the registrar should be kept open for registry every day, except on Sundays and legal holidays, for 60 days, commencing on the 1st of January.
That conclusion carries with it the reversal of the judgment appealed from. For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from -be, and the same is, hereby annulled, avoided, and reversed, and relators’ application for a mandamus is rejected, but without costs.