(88 South. 806)

No. 24626.

In re COURTIN. COURTIN v. BROWNE
et al. In re BROWNE.

(May 30, 1921.)

*(Syllabus by Editorial Staff.)*

1. Guardian and ward ⬤═25—Tutorship; causes of action for exclusion from tutorship and removal of natural tutors call for different proceedings.

Causes of action for the exclusion of one from tutorship of a minor and for the removal of a natural tutor are dissimilar, and call for different proceedings.

2. Guardian and ward ⬤═10—Tutorship; right of surviving husband or wife to tutorship of minors exists only when they are proper persons.

While the law provides that to the surviving husband or wife belongs the right to be the tutor of their minor children, this right is reserved to them only when they are proper persons to exercise it.

3. Guardian and ward ⬤═13(3)—Tutorship; hearing necessary before surviving husband or wife may be appointed tutor of minor children.

If the probate judge is made acquainted with charges against a surviving husband or wife in a proceeding for tutorship of their minor children, it is not his duty to appoint them to office until after a hearing and he is convinced that the applicant is a proper person, but it is his duty to order a suit to be filed, if one has not already been filed, that it may be heard and disposed of by him.

4. Guardian and ward ⬤═25—Tutorship; suit to exclude father from tutorship of minor child must be brought prior to appointment.

An action to exclude a father from the tutorship of his minor child must take place prior to his appointment, in view of Civ. Code, arts. 303, 305.

5. Guardian and ward ⬤═25—Tutorship; suit of dative tutor for exclusion of natural tutor from tutorship must be heard by trial judge.

Where a father applied for confirmation as natural tutor of his minor child, and the dative tutor, who was the child's grandfather, alleged causes of exclusion upon the natural tutor's attempt to enter into office, it was the duty of the trial judge to hear and dispose of the suit, in view of Civ. Code, arts. 248, 250, 305, 308, relating to causes of exclusion of a natural tutor from his tutorship.

O'Niell, J., dissenting.

Robert E. Courtin was appointed natural tutor of Marguerite Lucille Browne Courtin. Rule by A. Oscar Browne, undertutor of such minor, in opposition to the confirmation of the natural tutor. Decrees in favor of the natural tutor. The proceedings were consolidated, and the undertutor prays for writs of certiorari and prohibition against Hugh C. Cage, Judge of Division A of the Civil District Court for the Parish of Orleans. Appointment set aside, and case remanded.

See, also, 148 La. 395, 87 South. 21.

W. O. Hart and James D. Hill, both of New Orleans, for undertutor.

SOMMERVILLE, J. On December 2, 1920, Robert E. Courtin, as the surviving parent of his minor child, Marguerite Lucille Browne Courtin, petitioned the court to appoint him tutor of the minor, and on the following day he was appointed, and letters of tutorship were issued to him; and the grandfather of the minor, Rev. A. Oscar Browne, was appointed and was qualified as undertutor. Mr. Browne filed a rule to have the appointment of Courtin as tutor set aside on the ground that he had failed to have an inventory of the property of the minor taken and recorded. The district judge, after hearing, set aside and annulled the appointment of Courtin on January 20, 1921. In the meantime, an inventory was caused to be made by the undertutor, and it was filed on March 24, 1921. On the same day, March 24, 1921, Rev. A. Oscar Browne, the undertutor, filed an opposition to the appointment of Courtin, the father, as tutor of his minor child. In his petition of opposition he alleged that Courtin was an improper person to be made tutor of his minor child, and he stated specific causes which went to show the unfitness of Courtin for the office.

The judge, without regard or consideration of the opposition of the undertutor, appointed the father to the tutorship of his minor child on April 13, 1921.

The undertutor protested against the action of the court in making the appointment of the tutor when an opposition had been filed to his appointment before the hearing of that opposition, and gave notice to the judge and the tutor that he would apply to this court for writs of certiorari and prohibition, ordering the records in the two consolidated cases to be brought up, that the validity of the appointment of Robert E. Courtin as tutor of the minor might be inquired into; and that the district judge, pending further orders of this court, be prohibited from proceeding further against petitioner and his wife for the production of their minor grandchild in court; and that the appointment of Courtin as natural tutor be set aside; and to order the judge to proceed with the cases according to law.

The district judge has made return, in which he says that in articles 1013, 1015, 1016, and 1017 of the Code of Practice the proceedings of the undertutor by opposition to the appointment of the tutor was irregular, and that he should have proceeded by petition and citation for the removal of the tutor after his appointment, and after the authority of the probate judge had been given to said undertutor. He further cites articles 248, 250, 305, and 308 of the Civil Code, which provide that tutorship by nature takes place of right; that no causes of exclusion or removal are applicable to the father except the following: (1) Unfaithfulness of his administration; (2) notoriously bad conduct; (3) abandonment of his children, and failure to support and maintain them for more than one year. He further makes reply that it is his duty to see that a minor should not be without a tutor; that while a father lives, and it not having been proven that he was guilty of notoriously bad conduct, the court cannot deprive him of the tutorship; that the court was without discretion in confirming the father as natural tutor of his child after he had taken the necessary oath and had filed the bond furnished and the undertutor had qualified; that neither the undertutor nor any one else has a standing to object to the appointment of a tutor or of his removal; and that the court is vested with discretion as to whether or not it will permit such an action to be instituted.

Reference to the above articles of the Code of Practice shows them to be under the head, "Of Removal of Tutors, Curators, and Testamentary Executors," and the articles

themselves refer only to the removal of tutors, while this action was brought by the undertutor to exclude the natural tutor from the tutorship of his minor child.

[1] The two causes of action are quite dissimilar, and call for different proceedings. Suits for the exclusion of persons from the tutorship have been heretofore filed prior to the appointment of the tutor, and they have not been questioned. The distinction between the excluding and the removal of natural tutors was noticed in the Succession of Menendez, 29 La. Ann. 408. Again, in the Succession of Le Blanc, 37 La. Ann. 546, where the application of the mother for appointment as natural tutrix was opposed by the paternal grandfather, and the court there recognized that article 303 of the Revised Civil Code authorized both the exclusion and removal from the tutorship of minors of persons whose conduct was notoriously bad, including fathers as well as mothers. Again, in Re Alexander, 127 La. 853, 54 South. 125, there was a contest over the appointment of the father as natural tutor of his minor children, and the proceeding was recognized as being regular, although there was apparently no question of the regularity of the proceedings in any of these cases.

[2, 3] While the law provides that to the surviving husband or wife belongs the right to be the tutor of their minor children, it of course means that this right is reserved to them when they are proper persons to exercise such rights. And if the probate judge is made acquainted with charges against such father or mother, it is not his duty to appoint them to office until after a hearing, and he is convinced that the applicant is a proper person. It is his duty to order a suit to be filed, if one has not already been filed, as is the case here, that the matter might be heard and disposed of by him.

The respondent judge seems to ignore the difference between a proceeding to exclude a parent from the tutorship and one to remove him after he has been appointed. The words "exclusion" and "removal" have different meanings, and they are both used in the Civil Code. Article 303 provides:

"The following persons are excluded from the tutorship, and are even liable to be removed from it, if in the actual exercise of it: 1. Persons of a conduct notoriously bad; 2. Those whose management shall manifest either incapacity or dishonesty; 3. Those who shall have neglected to cause an inventory to be made of the minor's property within the time prescribed by law."

And article 305, as amended, provides both for the father's exclusion and removal. It says:

"No cause of exclusion or removal is applicable to the father, except the following: 1. Unfaithfulness of his administration; 2. Notoriously bad conduct; 3. Abandonment of his children and failure to support and maintain them for more than one year."

[4] So that there is authority for suing to exclude the father from the tutorship of his minor child; and this action to exclude him must take place prior to his appointment, otherwise it would have to be an action to remove him after his appointment.

The distinction between the two actions is clearly brought out by referring to the Code Napoléon, from which our law on the subject is taken. Article 443 of that Code provides:

"The fact that a person has been sentenced to a punishment which affects the person and is branded with infamy ipso facto excludes him from the right of being a guardian. It has also the effect of depriving any one of a guardianship to which he had previously been appointed."

And article 444 of the Code provides:

"The following persons are also excluded by law from being guardians, and can also be deprived of a guardianship which they are exercising: (1) Persons of notoriously loose morals; (2) persons whose management shows either incapacity or unfaithfulness to the trust."

And Marcadé says in title 10, Tutorship, § 7, No. 230:

"One must not confound incapacity with exclusion and destitution, nor these last two with one another.

"Incapacity differs from exclusion and from destitution in this, that the law attaches to these last an idea of dishonor which the first does not present.

"Exclusion and destitution have identical causes, and differ only in this, that the first presents the entry into office, while the last puts an end to an administration already begun."

[5]. In this case the dative tutor alleges causes of exclusion of the father from the tutorship at the latter's attempt to enter into that office, which seems to be an action fully authorized in the law. And it is the duty of the trial judge to hear and dispose of the suit.

It is therefore ordered, adjudged, and decreed that the appointment of Robert E. Courtin as natural tutor of his minor child on April 13, 1921, be set aside, and that the trial of the case be proceeded with in accordance with law; and, in the meantime, let all proceedings in the cases be stayed.

O'NIELL, J., dissents on the ground that the plaintiff in the rule to exclude the father from the tutorship of his child did not allege any one of the three causes for which he might be excluded.