LAND, J.
 

 Calvin D. Cappel, a stockholder of the Liberty Lumber Yard, Inc., a Louisiana corporation domiciled in the city of New Orleans, applied in the civil district court for the parish of Orleans for the appointment of a receiver for said company, alleging that its directors and officers are jeopardizing the rights of the stockholders and creditors by grossly mismanaging its business.
 

 The Liberty Lumber Yard, Inc., was cited to show cause on October 23, 1929, why a receiver should not be appointed to take charge of and administer its affairs.
 

 Defendant filed an exception of prematurity, and also an exception of no cause of action. Both of these exceptions were overruled, and defendant then answered the petition for the appointment of a receiver, concluding with a prayer that the application for receivership be denied and that plaintiff’s suit be dismissed.
 

 Upon hearing the answer read, and without further proceeding, respondent judge notified all parties that a receiver would be appointed within 24 hours, the court being of the opinion that the answer filed by defendant admitted allegations sufficient to justify the appointment of a receiver.
 

 At this point in the proceedings, the relator, the Liberty Lumber Yard, Inc., applied to this court for a writ of prohibition to be issued to respondent judge and to Calvin D. Cappel, applicant for the appointment of receiver, directing them not to proceed further with the appointment, and for a writ of' mandamus, ordering respondent judge to hear the cause and to permit relator to produce its evidence in court and to have a due hearing according to law.
 

 It is stated in part in.the return of respondent judge:
 

 “That the defendant, the Liberty Lumber Yards, Inc., by its answer to plaintiff’s petition, admitted the granting of illegal bonuses to majority stockholders without any reeo.gnition or any payment to the minority stockholders on two separate occasions.”
 

 “Plaintiffs charged in paragraph No. 8 of their petition that the president, Sam Cohen, had taken possession of a certain promissory note and had filed suit thereon in his own name, and had personally bought it in after entering into an illegal conspiracy wherein one Karl Pried was successfully urged not to bid against the property at sheriff’s sale, in order that Cohen might buy it for himself personally in his own name and transfer a 50 per cent, interest therein to Pried.”
 

 “That the giving of the corporation’s money for other than services or value received is against the Constitution of the state of Louisiana and the weight of authority.” •
 

 “That the plaintiff’s petition and the defendant’s answer were sufficient to convince the court that a receiver should be appointed to prevent illegal disposal of assets belonging to the corporation.”
 

 It is provided in section 2 of Act No. 156 of 1898, as amended by Act No. 117 of 1916: “That application for appointment of a Receiver shall be made by petition addressed to the district court of the domicile of the corporation, . * * *” at its designated domicile, if it has one, or if it has not designated a domicile, then where any of its property is situated. Such petition shall be verified by the affidavit of the plaintiff or plaintiffs, or any of them, or by his or their attorney at law or in fact, in ease such plaintiff or plaintiffs are absent from the state. The court shall cause a copy of the petition, together with an order, to be served on the corporation, re
 
 *359
 
 quiring it,to show cause on a day fixed (not less than ten days from the date of such order, unless circumstances shown require, in the judgment of the court, a shorter delay), and such application
 
 shall he heard and determined hy the court
 
 in a summary manner, in term time or vacation, and without the intervention of a jury.”
 

 In State v. City of New Orleans, 43 La. Ann. 829, 832, 9 So. 643, 644, the court said:
 

 “No principle of law is better settled than that courts have no power to appoint a receiver ex parte without notice or hearing of the party in interest, and unless a basis for the appointment
 
 is alleged and proved.
 
 High, Rec. §§ 17, 111, 115; Frazier v. Willcox, 4 Rob. (La.) 517; Martin v. Blanchin, 16 La. Ann, 237; Malady v. Malady, 26 La. Ann. 438.
 

 “The power of courts in Louisiana to appoint receivers is exceptional and limited. Baker v. Railroad Co., 34 La. Ann. 754.”
 

 See, also, Mestier v. Chevallier Pavement Co., 51 La. Ann. 145, 24 So. 799.
 

 It is true that a receiver may be appointed at the instance of a creditor, when the board of directors shall have declared by resolution that the
 
 corporation is
 
 unable to meet its obligations as they mature, and a receiver is necessary to preserve and administer its assets for the benefit of all concerned. Act No. 159 of 1898, § 1, par. 8.
 

 Under this section and paragraph, the appointment of a receiver is a purely voluntary proceeding. In such a ease, judgment may be rendered upon the face of the papers.
 

 But this is not the case in involuntary proceedings, in which a stockholder or creditor may seek to force a tesisting corporation into a receivership, as the proceeding must then be had in conformity with the provisions of section 2 of Act No. 159 of 1898, as amend; ed, and the. grounds for the appointment of a receiver must be alleged and proved at a hearing had, after due citation and service.
 

 Act No. 159-of 1898 is a special act “to authorize and regulate
 
 the practice
 
 of appointing receivers of corporations under articles 109 and 133 of the Constitution,” and the procedure prescribed in this act must be adopted by the pleader and followed by the courts of the state in such matters.
 

 Besides, we fail to find in articles 6 and 7 of defendant’s answer any admission that any illegal bonus was granted or distributed by the board of directors of defendant company on March 22, 1929, as alleged. On'the contrary, this allegation is denied. Defendant then pleads that plaintiff:' is estopped from attacking the legality of the bonus, because of plaintiff’s presence at the directors’ meeting and failure to object, and, further, because of plaintiff’s receipt of a part of the bonus.
 

 As to the illegal bonus alleged to have be'en granted and distributed by the' board of directors of defendant company, on October 7, 1929, defendant denies the illegality of the bonus, alleges notice to plaintiff to be present at that meeting, and avers that the bonus was to be paid out of future' profits, in accordance with the custom of defendant corporation, concurred in by plaintiff, as a member of the board of directors, since August 7, 1926.
 

 Defendant further pleads that plaintiff is estopped from questioning the legality of this bonus and alleges, besides, that the granting and distribution of the bonus was an act of discretion, and not of mismanagement, on the part of the board of directors. Article 8 of defendant’s answer.
 

 In regard to the allegations in connection with the foreclosure in 'his own name of a certain mortgage
 
 note
 
 by Samuel
 
 Cohen,
 
 
 *361
 
 member of tbe board of directors of defendant company, defendant answered, substantially, that suit was filed by Samuel Cohen in his own name and for the benefit of the Liberty Lumber Yard, Inc., and other creditors; that Cohen did not bid on the property for himself, and has no idea of taking the property in his own name; that title has not been passed, but, when passed, will be placed in the name of the Liberty Lumber Yard, Inc., since the note was given to take care of the sum of $2,349.29, due to the Liberty Lumber Yard, Inc., and other creditors for materials used and labor done in the erection of the building on the property foreclosed.
 

 It is further alleged by defendant company that a similar proceeding, to foreclose a mortgage note held by the company, was had in the suit of Samuel Cohen v. Hugh Ritchie, to the knowledge of plaintiff, as a member of the board of directors of defendant company, and with his full concurrence.
 

 It is clear, therefore, that defendant company has denied the allegations claimed to have been admitted, and has set up its defenses in all of these matters, and is entitled to be heard as to these defenses in due and orderly course of procedure, as required by Act No. 159 of 1898.
 

 It is therefore ordered that a writ of prohibition issue, directed to Hon. E. K. Skinner, division C of the. civil district court for the parish’ of Orleans, commanding him to desist from the appointment of a receiver for the Liberty Lumber Yard, Inc., without a further hearing.
 

 It is further ordered that a peremptory writ of mandamus also issue, directed to resp’ohdent judge, ordering him to 'hear said cause and to permit the relator, the Liberty Lumber Yard, Inc., to produce its evidence in court in support of its answer, and to have a due hearing- according to law.